# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **PEACHTREE PARKWAY PROPERTIES, LLC.,** ) ) ) | |
| **Plaintiff,** ) ) ) | **Civil Action File** |
| v. ) ) ) | **No.**_____ |
| **EARTH FARE, INC.** ) ) ) | |
| **Defendant.** ) | |

## COMPLAINT

Plaintiff Peachtree Parkway Properties, LLC (hereinafter "Peachtree" or "Plaintiff") brings this action for breach of contract and attorneys' fees pursuant to O.C.G.A. § 13-6-11 and states as follows:

### I. THE PARTIES

1. Plaintiff is the owner of a shopping center known as Peachtree Parkway Corners which is located at 5720 Peachtree Parkway, Norcross, Georgia 30092 ("Shopping Center").

2. Defendant is a North Carolina-based supermarket company which operates a chain of grocery stores in various states, including the State of Georgia.

## II. JURISDICTION AND VENUE

3. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.

4. Plaintiff is a California limited liability company with its principal place of business in California.

5. Defendant is a North Carolina corporation with its principal place of business in North Carolina.

6. Therefore, complete diversity of citizenship exists. The amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00.

7. Venue in the Northern District of Georgia is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions on which the claims asserted herein are based occurred in this District and the subject contract was executed in the District.

## III. GENERAL AVERMENTS

8. Effective March 3, 2014, Peachtree entered into a Lease Agreement (the "Lease") with Defendant, wherein Defendant agreed to lease approximately twenty-three thousand five hundred (23,500) square feet of rental space (the "Premises") located within the Shopping Center. *See* the Lease, a true and correct copy of which is attached as Exhibit A.

9. The Lease was scheduled to expire on January 31, 2035.

10. On April 1, 2018, Defendant closed for business the Premises but continued to pay rent pursuant to the terms of the Lease.

11. On July 18, 2019, the parties entered into a Lease Termination Agreement ("Termination Agreement"), wherein both parties agreed to terminate the Lease early effective October 1, 2019 subject to lender approval. *See* the Termination Agreement, a true and correct copy of which is attached as Exhibit B.

12. Lender approval was obtained and the parties agreed that the Termination Agreement would continue in full force and effect. *See* First Amendment to the Termination Agreement, a true and correct copy of which is attached as Exhibit C.

13. Paragraph 9 of the Termination Agreement provides: "This Agreement shall be construed and enforced in accordance with the laws of the state in which the Premises is located." As the Premises that is subject to the Lease Agreement and Termination Agreement is located in Georgia, Georgia law governs this lawsuit .

14. As consideration for Peachtree granting Defendant an early termination of the lease, Defendant agreed to pay Peachtree a "Lease Termination Fee" in the amount of $828,220.80 in equal successive monthly installments of $34,509.20, commencing on October 1, 2019, and continuing on the first day of

every month thereafter up to and including September 1, 2021.  *See* Exhibit B at ¶ 6.

15.    Paragraph 6(e) of the Termination Agreement contains an acceleration clause that provides that if a monthly installment payment is not paid within ten (10) business days following written notice of payment failure and within ten (10) business days of any payment date thereafter, then at Peachtree's option, the entire sum of the unpaid balance shall immediately become due.

16.    On December 9, 2019, Peachtree contacted Defendant via email to inquire regarding the status of the December 1, 2019 monthly installment payment, which had not been received.  *See* December 9, 2019 email, a true and correct copy of which is attached as Exhibit D.

17.    On December 11, 2019, Peachtree again contacted Defendant via email regarding the status of the December 1, 2019 monthly installment payment. *See* December 11, 2019 email, a true and correct copy of which is attached as Exhibit E.

18.    On December 20, 2019, Peachtree sent a third email to Defendant regarding the status of the December 1, 2019 monthly installment payment. The email also reminded Defendant of the acceleration clause contained within the

Termination Agreement. *See* December 20, 2019 email, a true and correct copy of which is attached as Exhibit F.

19. On December 26, 2019, Peachtree sent a fourth email to Defendant regarding the status of the December 1, 2019 monthly installment payment. *See* December 26, 2019 email, a true and correct copy of which is attached as Exhibit G.

20. On December 30, 2019, after receiving no substantive response regarding the status of the December 1, 2019 monthly installment payment, Peachtree sent a letter to Defendant advising that if payment was not received on or before December 31, 2019, Peachtree accelerate the termination payment schedule and seek to recovery of legal fees, in accordance with the Termination Agreement. *See* December 30, 2019 letter, a true and correct copy of which is attached as Exhibit H.

21. To date, Defendant has failed to remit payment for the December 1, 2019 installment payment, as well as the January 1, 2020 installment payment.

## COUNT I
## BREACH OF CONTRACT

22. Peachtree hereby incorporates the averments set forth in paragraphs 1 through 21 above, as if fully set forth herein.

23.     Peachtree and Defendant entered into a Termination Agreement dated July 18, 2019, which required Defendant to remit equal monthly installment payments in the amount of $34,509.20, commencing on October 1, 2019, and continuing on the first day of every month thereafter up to and including September 1, 2021.

24.     Peachtree performed all material conditions, covenants, and promises required to be performed on its part in accordance with the terms and conditions of the parties' Termination Agreement.

25.     Defendant has materially breached the Termination Agreement by failing to remit the requisite monthly installment payments dated December 1, 2019 and January 1, 2020.

26.     As a direct result of Defendant's breach, Peachtree has incurred damages in excess of $75,000.00.

## COUNT II
## ATTORNEY'S FEES

27.     Peachtree hereby incorporates the averments set forth in paragraphs 1 through 26 above, as if set forth fully herein.

28.     With regard to the claims, transactions, acts omissions, and events referenced in the Complaint, the Defendant has acted in bad faith, has caused Plaintiff unnecessary trouble and expense and has been stubbornly litigious.

29. Accordingly, Plaintiff is entitled to its expenses of litigation and attorney's fees pursuant to O.C.G.A. § 13-6-11.

## **PRAYER**

WHEREFORE, Plaintiff prays as follows:

(a) On Count One of its Complaint, for damages in a sum according to proof at trial, in excess of $75,000.00, exclusive of interest and costs;

(b) On Count Two of its Complaint, that Plaintiff recover its attorney's fees and expenses actually incurred pursuant to O.C.G.A. § 13-6-11;

(c) For pre- and post-judgment interest;

(d) For costs incurred herein; and

(e) For such other and further relief as the Court deems just and proper.

Respectfully submitted this 28th day of January, 2020.

|  | **DLA PIPER LLP (US)**<br>By: */s/ Christopher G. Campbell*<br>Christopher G. Campbell<br>Georgia Bar No. 789533<br>Emily B. Marshall<br>Georgia Bar No. 1Com31072<br><br>DLA PIPER LLP (US)<br>1201 West Peachtree Street, Suite 2800<br>Atlanta, Georgia 30309<br>Tel.: (404) 736-7800<br>Facsimile: (404) 682-7800<br>Christopher.Campbell@dlapiper.com |
|---|---|

|  | Emily.Marshall@dlapiper.com<br>*Attorneys for Plaintiff* |
| --- | --- |

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel hereby certifies that the foregoing Complaint complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia and states that this has been typed in Times New Roman 14 point font.